**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANTONIO C. DAVIS,** | : |
| Plaintiff | : CIVIL ACTION NO. 3:19-1699 |
| v. | : (JUDGE MANNION) |
| **KENNEDY, FOOD SERVICE ADMIN.**, *et al.,* | : |
| | : |
| Defendants | |

## MEMORANDUM[1]

The *pro se* plaintiff, Antonio C. Davis, an inmate housed at the Allenwood United States Penitentiary (USP Allenwood), in White Deer, Pennsylvania, filed this civil rights action pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), 28 U.S.C. §1331, and the Federal Tort Claim Act, 28 U.S.C. §§2671 – 80. (Doc. 1.) Mr. Davis names the following USP Allenwood Food Service employees as Defendants: Mr. Kennedy, J. Shaffer, R. Swisher and J. Heddings.

---

[1] This matter was reassigned to the undersigned following the passing of the Honorable A. Richard Caputo.

Mr. Davis seeks to proceed *in forma pauperis*. (Doc. 2.) For the reasons set forth below, the Court will grant Mr. Davis' request to proceed *in forma* pauperis but dismiss the Complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, the Court will grant Mr. Davis leave to file an amended complaint to replead his FTCA and *Bivens* claims.

## I. LEGAL STANDARD - SCREENING *PRO SE IN FORMA PAUPERIS* COMPLAINTS

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. §1915 requires the court to screen the complaint. *See* 28 U.S.C. §1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. §1915A(a). Both 28 U.S.C. §1915(e)(2)(B) and §1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915(e)(2)(B)(i)-(iii); 28 U.S.C. §1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v.*

*Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a

claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they ... are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or

futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014). A complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Phillips*, 515 F.3d at 236.

With these principles in mind, the Court sets forth the background to this litigation, as Mr. Davis alleges it in his Complaint.

## II.   ALLEGATIONS OF THE COMPLAINT

Mr. Davis asserts Defendants violated his Eighth Amendment and Due Process rights, and were negligent, when they failed to follow Bureau of Prisons (BOP) policies concerning the proper maintenance of old canned food stock within a food service warehouse and warn him about the possibility of canned food exploding. (Doc. 1.) On August 7, 2018, while unloading old canned goods, a large can of carrots exploded in Mr. Davis' face. (*Id.*) He suffered permanent facial disfigurement and injury to his left eye, including loss of vision and photophobia, due to the incident. He continues to experience unspecified mental health problems and frequent migraines. (*Id.*) The Bureau of Prisons (BOP) denied Mr. Davis' FTCA claim. (*Id.*) He seeks compensatory damages and injunctive relief.

## III. DISCUSSION

### A. Lack of Personal Involvement of the Named Defendants

To state a claim under *Bivens*, Mr. Davis must allege: (1) that a right secured by the Constitution of the United States was violated, and (2) that the alleged violation was committed by a federal actor. *Bivens*, 403 U.S. at 397, 91 S.Ct. at 2005.

There is no vicarious liability under *Bivens*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009). "[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." *Ziglar v. Abbasi*, _____ U.S. _____, _____, 137 S.Ct. 1843, 1860, 198 L.Ed.2d 290 (2017). Absent allegations that a government-official had personal involvement in the alleged wrongdoing, a plaintiff fails to state a claim. *See Bistrian v. Levi*, 696 F.3d 352, 366 (3d Cir. 2012).

Based upon the above legal standards, claims against Mr. Kennedy, J. Shaffer, R. Swisher, and J. Heddings are subject to dismissal as Mr. Davis does not assert any allegations against them. Mr. Davis collectively references the "defendants" in his Complaint; however, he does not reference the individual Defendants anywhere in his Complaint. Simply naming the Defendants in the caption of the case, without discussing their actions (or inactions) in the underlying claim, is insufficient to satisfy the

personal involvement requirement. Accordingly, Mr. Davis' *Bivens* claims against the Defendants will be dismissed pursuant to 28 U.S.C. §1915(e)(2) due to his failure to allege the personal involvement of each Defendant in the events giving rise to the alleged constitutional violations.

### B.    Mr. Davis' FTCA Claim

The FTCA is a limited waiver of the federal government's immunity from tort lawsuits, allowing plaintiffs to sue the federal government "for money damages ... [for] personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. §1346(b)(1). The only proper defendant to an action under the FTCA is the United States. *CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008).

Although Mr. Davis does not specifically reference the Federal Tort Claims Act in his Complaint and he did not name the United States as a defendant, he does state that the BOP denied his administrative FTCA claim. Thus, the Court will construe his Complaint as asserting a FTCA claim. Because the United States is the only proper defendant in a FTCA action,

there is no legal basis for Mr. Davis' FTCA claim against the individual Defendants. Accordingly, Mr. Davis' claims under the FTCA against all individual Defendants in this case will be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2) for lack of jurisdiction.

**C.     Leave to File an Amended Complaint**

Mr. Davis' entire Complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, if given the opportunity, Mr. Davis may be able to remedy the identified deficiencies of his claims. While Mr. Davis' FTCA claims against the individual Defendants is dismissed with prejudice, the Court will grant Mr. Davis thirty (30) days to file an amended complaint as to his *Bivens* claims against Mr. Kennedy, J. Shaffer, R. Swisher and J. Heddings. Likewise, Mr. Davis may replead his FTCA claim against the only proper defendant, the United States.

If Mr. Davis decides to file an amended complaint in this action, he must clearly label it, on the face of the document, "Amended Complaint." It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form.[2] In addition, any amended complaint filed by Mr. Davis

---

[2] In the "Caption" section of the amended complaint, Plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes

supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also* Garrett v. Wexford Health, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity.") (internal citations omitted).

The Court cautions Mr. Davis that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise, and simple statements. *Id.* and Fed. R. Civ. P. 10(b). The factual allegations of the amended complaint may not be conclusory. Instead, the facts alleged should be specific enough as to time and place of the violations and must identify the specific person or persons responsible for the deprivation of his constitutional rights and what each defendant did to harm him. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. "[A] pro se complaint's language … [must] present cognizable legal claims to which a defendant can respond on the merits." *Garrett*, 938 F.3d at 94.

---

to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

If Plaintiff fails to file an amended complaint on the Court's form within thirty (30) days or fails to file an amended complaint that complies with the Court's instruction, the Court will dismiss Mr. Davis' action pursuant to 28 U.S.C. §1915(e)(2)(B).

Finally, the Court reminds Plaintiff of his obligation to advise the Court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be construed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: September 23, 2020**
19-1699-01